# EXHIBIT E

Case 4:22-cv-00196   Document 1-5   Filed on 01/19/22 in TXSD   Page 2 of 8

12/13/2021 5:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59983378
By: Adiliani Solis
Filed: 12/13/2021 5:39 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JULISSA JIMENEZ, personal representative of ARMANDO JIMENEZ JR., deceased.<br>    *Plaintiff* | § § § § | IN THE DISTRICT COURT |
| VS. | § § | _____ JUDICIAL DISTRICT |
| GRAND ISLE SHIPYARD, LLC.<br>    *Defendant* | § § | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Julissa Jimenez, personal representative of Armando Jimenez, Jr., deceased, hereinafter referred to as Plaintiff, and files this Plaintiff's Original Petition complaining of and about Grand Isle Shipyard, LLC. hereinafter referred to as Defendant, and for cause of action will show unto the Court as follows:

**I.
PARTIES AND SERVICE**

1. Plaintiff, Julissa Jimenez, is a citizen of the United States and the State of Texas and resides in Del Rio, Val Verde County, Texas.

2. Defendant, Grand Isle Shipyard, is a foreign limited liability company formed in the state of Louisiana. Defendant Grand Isle Shipyard may be served with service of process by serving its Registered Agent, CT Corporation System at 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

**II.
JURISDICTION AND VENUE**

3. Venue and jurisdiction are proper in this County under Texas Civil Practices Remedies Code 15.018l, the Jones Act, and/or general maritime law. Venue is proper under 15.018l(e), since the

"substantial part of the events or omissions giving rise to the claim occurred on inland waters outside of this state, ashore in a Gulf Coast State…the suit shall be brought in Harris County unless plaintiff resided in Galveston County at the time the cause of action accrued…" 15.018l(e)(2). Plaintiff seeks damages within the jurisdictional limits of this Court of over $1,000,000. Further, it is well settled that this Jones Act case is not removable. *Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 207 (5th Cir. 1993).

### III.
### FACTS

4. On or about January 11, 2021, Armando Jimenez arrived in Louisiana at the Grand Isle Shipyard and began prepping for departure to do sandblasting on a platform. Decedent presented himself at a helipad in Houma, Louisiana. He departed by helicopter from the Houma, Louisiana helipad to the platform offshore Louisiana. He returned by helicopter to the same Louisiana location.

5. Decedent was supposed to undergo his employment medical screening in Louisiana, but Defendant failed to perform a COVID-19 test.

6. Defendant told Decedent that all crew members would be tested for COVID-19 before departing. The tests were scheduled for January 28, 2021. The crew was not tested. All COVID-19 tests for that date were cancelled without an explanation from Defendant.

7. On January 29, 2021, the crew departed from the shipyard via helicopter to the pad where they were to perform their sandblasting duties. Decedent was assigned to a job involving work on the outer Continental Shelf offshore Louisiana.

8. While on the pad, crew members met every morning and every evening to discuss work. Defendant negligently failed to enforce or even encourage social distancing or face coverings during the meetings.

2

9. No one on the pad wore face coverings, sanitized the area, or attempted to be socially distant to take precautions against spreading or contracting COVID-19. Decedent tried to mitigate his exposure by draping a sheet in front of his bunk bed which was one out of two bunks beds in a room.

10. Defendant had Crew members share a bathroom with seven (7) other crew members.

11. Defendant negligently failed to sanitize or clean common areas to prevent the spreading of COVID-19.

12. Defendant did not require anyone working on the site to wear masks, they did not encourage social distancing, or clean and disinfect frequently touched surfaces as the CDC recommends for the prevention of spreading COVID-19.

13. Descendent was called back home because a severely ill relative.

14. On or about February 8, 2021, Decedent returned home. He was experiencing fever, chills, cough, and other COVID-19 symptoms. He contributed the symptoms to the fact that the bunks were cold, and he along with other employees were wet most of the time due to their work. He mentioned to his wife that other crew members on the ship experienced similar symptoms, but they all contributed the symptoms to their working conditions.

15. On or about February 13, 2021, Decedent's foreman, Freddy Terrones, called him to inform him that everyone on his crew had tested positive for COVID-19 and he should get tested as well.

16. On February 14, 2021, Decedent went to get tested for COVID-19, the results were ready within an hour. He was positive for COVID-19. His wife and children took immediate measures to quarantine Decedent in their home.

3

17. On February 19, 2021, Mr. Jimenez passed away due to COVID-19.

## IV.
## NATURE OF THE ACTION

18. This case is brought pursuant to Texas Civil Practice and Remedies Code §15.0181, which is commonly known as the "Jones Act", as well as pursuant to general maritime law and the common law.

19. Plaintiff suffered serious and permanent injuries on or about January 11, 2021, when he was working as a seaman for Defendant aboard the vessel, which was owned, operated, and/or managed by Defendant.

20. Defendants are negligent, negligent per se, and grossly negligent for the following reasons:

   a. Failure to maintain the vessel;

   b. Failure to maintain, inspect, and/or repair the vessel's equipment;

   c. Operating the vessel in an improper and unsafe manner;

   d. Failure to provide adequate medical treatment;

   e. Failure to provide adequate safety equipment.

   f. Failure to properly train employees;

   g. Failure to properly supervise crew;

   h. Failure to provide an adequate crew;

   i. Failure to properly supervise the job;

   J. Failure to properly perform the job;

   k. Vicariously liable for their employees' negligence and gross negligence;

   l. Other acts deemed negligent and grossly negligent.

21. As a result of Defendant's negligence, Plaintiff Armando Jimenez Jr., died of Covid-19 on February 19, 2021. In all reasonable probability, Plaintiff's personal representative Julissa

4

Jimenez will have mental anguish and distress that will continue indefinitely. Plaintiff has also suffered a loss of earnings as well as a loss of future earning capacity. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this court, for which she now sues.

22. Plaintiff is also entitled to punitive damages under the general maritime law because the aforementioned actions of Defendant's were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's safety and health. Defendant was subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries but did nothing to rectify them. Defendants acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded the risk.

23. All conditions precedent has been performed or have occurred.

## V.
## JURY DEMAND

24. Plaintiff hereby makes Plaintiff's request for a jury trial in this cause pursuant to Rule216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Harris County, Texas the jury fee of forty ($40.00) dollars.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that citation issue and be served upon Defendant requiring that Defendant answer and appear, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief to which Plaintiff is entitled, including but not limited to:

a. Past and future medical damages;

b. Past and future economic loss;

5

c. Past and future pain and suffering and mental anguish;

d. Past and future impairment;

e. Past and future disfigurement;

f. Past and future maintenance and cure;

g. Exemplary damages;

h. Pre and post judgment interest;

i. Costs of court.; and

j. Such other and further relief, at law or in equity, general or special towhich Plaintiff may show Plaintiff justly entitled.

Respectfully Submitted,

kennard law PC

_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Attorney-In-Charge
Email: Alfonso.Kennard@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
M: 713.742.0900
F: 832.558.9412

**ATTORNEY FOR PLAINTIFF JULISSA JIMENEZ**

12/13/2021 5:39:02 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 59983378
By: SOLIS, ADILIANI A
Filed: 12/13/2021 5:39:02 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK
201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served: __Plaintiff's Original Petition__

FILE DATE: __12-13-2021__ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: __Grand Isle Shipyard, LLC__

Address of Service: __1999 Bryan St., Ste 900__

City, State & Zip: __Dallas, Texas 75201-3136__

Agent (if applicable) __CT Corporation System__

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias    Newspaper _____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not by E-Issuance)
- [ ] Attachment (not by E-Issuance)
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus (not by E-Issuance)
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** (check one):
- [ ] ATTORNEY PICK-UP (phone) _____
- [x] E-Issuance by District Clerk (No Service Copy Fees Charged)
- [ ] MAIL to attorney at: _____
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

*Note: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.*

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____

- [x] OTHER, explain __Please e-mail citation to kristina.blanco@kennardlaw.com__

Issuance of Service Requested By: Attorney/Party Name: __Alfonso Kennard__ Bar # or ID __24036888__

Mailing Address: __5120 Woodway Dr., Suite 10010, Houston, Texas 77056__

Phone Number: __(713) 742-0900__